## MACK SMITH V. STATE.

No. 30,503. March 25, 1959.
Motion for Rehearing Overruled May 6, 1959.

*Paul Thorp,* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *Henry Stollenwerck, Paul Leech, Merle Flagg,* Assistants District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for driving while intoxicated upon a public highway, with punishment assessed at one year in jail and a fine of $250.

The question of appellant's intoxication was the contested issue.

At the beginning of his testimony and in accounting for his

whereabouts on the day the offense was alleged to have been committed, appellant testified that on that date, which was August 25, 1957, and on Sunday, he was at his home until about 3:00 o'clock in the afternoon, during which time he "watched the ball game on TV till about three o'clock, the baseball game."

The state registered no objection to that statement. It was about 5:50 o'clock on the same afternoon that appellant was arrested for drunken driving.

Upon cross-examination, appellant testified as to such statement, as follows:

"Q. You say you were watching a baseball game on the TV that Sunday afternoon? A. Yes.

"Q. Do you remember who was playing? A. No, sir.

"Q. Was it a major league game? A. Yes.

"Q. Are you sure about that? A. Yes."

In rebuttal and in an endeavor to prove that appellant had testified falsely as to watching a baseball game on television, the state introduced the following evidence:

"Q. State what that is. A. It is the TV tab from the Dallas News for the week *ending August 31st,* 1957.

"Q. Directing your attention to the inside of the front page, I will ask you to state what date appears thereon? A. Sunday, August the 25th, 1957.

"Q. Now, directing your attention to that same page, I will ask you to state what the principal contents of that page are? A. It is the Sunday TV program.

"Q. For Sunday, August the 25th, 1957? A. Yes."

The tab, or newspaper clipping, was offered in evidence, over appellant's extended objections that it impeached him upon a immaterial matter and because a sufficient or proper predicate was not first shown for the introduction thereof.

Although the statement of facts shows that the newspaper

clipping was offered in evidence, the clipping does not appear in nor has it been made a part of the statement of facts.

The contents of the clipping are not therefore before us and there is nothing showing that the contents of the clipping constituted an impeachment of the appellant or that the testimony was subject to the objection urged.

The judgment is affirmed.